UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

            Plaintiff,        Case No. 18-cr-20462-1

v.                                 Judith E. Levy
                                 United States District Judge
Tayan Jackson,
                                 Mag. Judge Anthony P. Patti
           Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [98]**

On June 18, 2024, the Clerk's Office entered on the docket a handwritten letter signed by Defendant Tayan Jackson. (ECF No. 98.) In the letter, which is dated May 27, 2024, Defendant "request[s] compassionate release in the form of a modification of [his] sentence." (*Id.* at PageID.468.) The Court construes this letter as a motion for compassionate release. On July 10, 2024, the Clerk's Office entered on the docket a second handwritten letter signed by Defendant that is dated July 4, 2024. (ECF No. 99.) Defendant indicates that the document is a "[l]etter in support of compassionate release." (*Id.* at PageID.473.) The

Court therefore treats Defendant's second letter as a supplemental filing in support of his compassionate-release motion. For the reasons set forth below, Defendant's motion for compassionate release (ECF No. 98) is DENIED.

## I. Background

Defendant is currently incarcerated at Federal Correctional Institution (FCI) Victorville Medium II in Victorville, California. On October 23, 2018, Defendant pled guilty pursuant to a Rule 11 plea agreement to Counts 1 and 2 of the superseding indictment: conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349 (Count 1); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). (ECF Nos. 32, 44.) On March 23, 2022, the Court sentenced Defendant to fifteen months' imprisonment on Count 1 and to twenty-four months' imprisonment on Count 2, to run consecutive to the sentence on Count 1. (ECF No. 83, PageID.263–264.) The Court also sentenced Defendant to a two-year term of supervised release on Count 1 and to a one-year term of supervised release on Count 2, to run concurrently. (*Id.* at PageID.265.)

In his motion, Defendant indicates that he is not receiving medication for his asthma. He states that at some point after April 18, 2024, he was transported "to a private prison (Southern Navada [sic] Detention Center) in Pahrump, Navada [sic]." (ECF No. 98, PageID.469.) There, he requested a "dupixent shot for [his] severe . . . asthma" and was told it would not be provided "because of the cost of th[e] shot." (*Id.*) On May 15, 2024, Defendant was transported to FCI Victorville. (*Id.*) He states that he "remain[s] in Victorville . . . without the essential medication [he] need[s] for [his] asthma." (*Id.*) He also states that he "ha[s] been refused the use of a nebulizer for treatment while in the SHU."[1] (*Id.*) Defendant asserts that the Bureau of Prisons (BOP) has "put [him] at significant risk of medical complications due to [his] untreated severe asthma." (*Id.*)

---

[1] The timing of when Defendant was "refused the use of a nebulizer for treatment while in the SHU" is unclear. (ECF No. 98, PageID.469.) In a previous portion of his motion, Defendant states that he "was placed in the Special Housing Unit (SHU) at Sheridan Camp" in October 2023. (*Id.* at PageID.468.) He states that "[f]rom October 2023 until March 21, 2024 [he] was held in a cell only being allowed to leave for showers." (*Id.*) In his supplemental filing dated July 4, 2024, Defendant states: "As to my confinement to the Special Housing Unit (Hole), I have been at this facility 50 days and have been in segregating status for 8 months and 4 days with no end in sight." (ECF No. 99, PageID.474.) "[T]his facility" presumably refers to Federal Correctional Institution Victorville Medium II. (*See id.* at PageID.473, 475.)

Defendant indicates that his release date is August 16, 2024 and that "with [him] being 2+ months (81 days) to release, administrative remedies seeking medical attention cannot be completed." (*Id.* at PageID.470.) He asks that three months be added to his term of supervised release "in the form of home confinement" so that he can "obtain the medical treatment [he] desperately need[s]." (*Id.*) Defendant may also be asking for immediate release or that his sentence be reduced to time served.

In his supplemental filing, Defendant indicates that the BOP "updated [his] release date to 01/25/25." (ECF No. 99, PageID.473.) He states that "this date does not include FSA Time Credits that [he] ha[s] earned." (*Id.*) Defendant states that he is "in the process of seeking relief from the U.S. District Court out of Los Angeles." (*Id.*) He anticipates that his release date will "again be updated to 10/12/24." (*Id.*)

In addition, Defendant indicates that he "ha[s] submitted 17 informal remedy request [sic] and two formal remedy request [sic]," but he "ha[s] still not received [his] breathing treatment." (*Id.*) He states that "[a]s a result, [he] ha[s] shortness of breathe [sic], cannot sleep, fatigue, anxiety, and severe congestion." (*Id.* at PageID.474.) He also states that

4

if a "situation with [his] status is RESOLVED this month,"[2] the BOP intends to transport him to various facilities. (*Id.*) Defendant asserts that "[t]his process . . . will deprive [him] of not only the breathing treatment, but also a good many of the medications that [he is] required to take." (*Id.*)

According to the BOP's website, Defendant's release date is November 26, 2024. *See* https://www.bop.gov/inmateloc/ (last visited July 12, 2024). In his submissions, Defendant does not address the legal standard that applies to a motion for compassionate release.

## II.  Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed by the BOP's Director or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate-release motions,

---

[2] Defendant may be referring to a "situation" with his "segregating status." (*See* ECF No. 99, PageID.474.)

5

courts in the Sixth Circuit apply a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the court must "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted). Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for

6

compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G. § 1B1.13] ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, and (4) whether the defendant was a victim of abuse while in custody. *See* U.S.S.G. § 1B1.13(b)(1)–(4). Under an additional catch-all provision, a court may also consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4),

7

are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5).

### III. Analysis

Defendant seeks compassionate release to obtain medical treatment for his asthma. He does not discuss the requirements for compassionate release under § 3582(c)(1)(A) or argue that the requirements are met.

Defendant's motion must be denied because he does not show that there are extraordinary and compelling reasons that warrant compassionate release.[3] As relevant here, the medical circumstances of a

---

[3] Defendant also does not address the issue of exhaustion in his filings. Under 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release "after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) (citations omitted). "The exhaustion requirement is a mandatory claims-processing rule that must be enforced if raised by the government." *United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (citing *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020)). Here, there is no response to Defendant's motion from the government, so the government has not raised the exhaustion issue. As a result, the Court will not decide Defendant's motion based on Defendant's failure to allege or show that he satisfied the exhaustion requirement. *See id.* ("declin[ing] to affirm based on [the defendant's] alleged lack of exhaustion" because "[t]he government did not raise an exhaustion argument in the district court in response to [the defendant's] motion, and the district court should not have sua sponte raised the issue" (citing *Fitch v. Gonzales*, 425 F. App'x 440, 441 (6th Cir. 2011))). Yet even if Defendant exhausted his administrative remedies, Defendant's motion is denied because he does not

8

defendant may constitute extraordinary and compelling reasons under the Sentencing Commission's policy statement in § 1B1.13 if:

> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(B)–(C).

Based on his own statements in his filings, Defendant's current health concerns do not fall under either § 1B1.13(b)(1)(B) or (C). Section 1B1.13(b)(1)(B) requires a condition or impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." But Defendant gives no indication

---

establish that there are extraordinary and compelling reasons for compassionate release, as set forth below.

9

that he is unable to provide self-care. Section 1B1.13(b)(1)(C) applies when a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Here, Defendant states that he has not received certain treatment that includes a particular shot and a nebulizer. (ECF No. 98, PageID.469; ECF No. 99, PageID.473.) He states that the BOP "has put [him] at significant risk of medical complications due to [his] untreated severe asthma." (ECF No. 98, PageID.469.) He experiences "shortness of breath[ ]," difficulty sleeping, "fatigue, anxiety, and severe congestion." (ECF No. 99, PageID.474.) These general assertions, however, do not establish that there is a lack of "long-term or specialized medical care" that places Defendant "at risk of serious deterioration in health or death" under § 1B1.13(b)(1)(C). Moreover, Defendant does not provide evidence that shows that § 1B1.13(b)(1)(B) or (C) applies in this case. The Court thus finds that Defendant fails to demonstrate that his medical circumstances constitute extraordinary and compelling reasons that justify compassionate release.

The Court concludes that Defendant does not present extraordinary and compelling reasons for compassionate release. Because the Court does not find that there are extraordinary and compelling reasons for release, the Court need not consider the remaining compassionate-release factors at this time. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (quoting *Elias*, 984 F.3d at 519; citing *Jones*, 980 F.3d at 1108; *United States v. Ruffin*, 978 F.3d 1000, 1006 (6th Cir. 2020))); *United States v. Smith*, No. 23-5519, 2024 WL 1007115, at *6 (6th Cir. Mar. 8, 2024) ("Because [the defendant] failed to show an extraordinary and compelling reason warranting a reduction, the district court and this court need not consider the application of the § 3553(a) factors." (citing *Elias*, 984 F.3d at 519)).

In sum, the requirements for compassionate release under § 3582(c)(1)(A) are not met. Defendant does not show that he is entitled to the relief he seeks. Accordingly, Defendant's motion is denied.

## IV. Conclusion

For the reasons set forth above, Defendant's motion for compassionate release (ECF No. 98) is DENIED.

IT IS SO ORDERED.

Dated: July 18, 2024             s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2024.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager