UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

            Plaintiff,      Case No. 18-cr-20462-1

v.                              Judith E. Levy
                               United States District Judge
Tayan Jackson,

                               Mag. Judge Anthony P. Patti

           Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION REQUESTING A SUPERVISED RELEASE PROVISION FOR TRAVEL [102] AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR AN ORDER TO RELEASE PROPERTY SEIZED BY FEDERAL AGENCIES [103]**

Before the Court are two *pro se* motions filed by Defendant Tayan Jackson: (1) a motion requesting a supervised release provision for travel (ECF No. 102) and (2) a motion for an order to release property seized by federal agencies.[1] (ECF No. 103.) The government responded to both motions. (ECF No. 105.) For the reasons set forth below, the motions are denied without prejudice.

---

[1] Defendant labels his second filing as a "Request for Order to Release Property Seized by Federal Agencies." (ECF No. 103, PageID.507.) The Court treats the document as a motion seeking that relief.

## I.  Background

On October 23, 2018, Defendant pled guilty pursuant to a Rule 11 plea agreement to Counts 1 and 2 of the superseding indictment: conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349 (Count 1); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). (ECF Nos. 32, 44.) On March 23, 2022, the Court sentenced Defendant to fifteen months' imprisonment on Count 1 and to twenty-four months' imprisonment on Count 2, to run consecutive to the sentence on Count 1. (ECF No. 83, PageID.263–264.) The Court also sentenced Defendant to a two-year term of supervised release on Count 1 and to a one-year term of supervised release on Count 2, to run concurrently. (*Id.* at PageID.265.) The Court ordered Defendant to pay a special assessment of $100 on each count for a total of $200 due immediately. (*Id.* at PageID.268–269.)

The government indicates in its response that "the Bureau of Prisons inmate locator" reflects that Defendant "was released from custody on or about November 7, 2024." (ECF No. 105, PageID.512.) The government also indicates that "[w]hile on release, [Defendant] is

being supervised by Probation Officer K. Jackson (no relation), out of the Central District of California." (*Id.*)

## II. Defendant's Motion Requesting a Supervised Release Provision for Travel (ECF No. 102)

In his first motion, Defendant asks that the Court modify a condition of his supervised release so that he be "allowed to travel without prior approval to New York, Los Angeles, and Detroit." (ECF No. 102, PageID.500; *see id.* at PageID.501.) Defendant states that he intends to reside in Los Angeles. (*Id.* at PageID.500.) He argues that he "must have the ability to travel to Michigan," given that his family (including his only child) lives in Detroit. (*Id.* at PageID.500–501.) He states that his primary care physician is in New York. (*Id.* at PageID.501.) Plaintiff asserts that he previously traveled without prior approval between Los Angeles, Detroit, and New York for four-and-one-half years—"[f]rom May 2018 until self-surrender"—and he now seeks permission to do so during his term of supervised release. (*Id.* at PageID.500–501.)

The judgment imposed by the Court requires Defendant to comply with certain standard conditions of supervision. (ECF No. 83, PageID.266.) One of those conditions states: "You must not knowingly

3

leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer." (*Id.*) Thus, a standard condition of supervision requires that Defendant obtain prior approval from the Court or his probation officer to travel while on supervised release.

According to the government, Defendant's assigned probation officer in the Central District of California, Officer Jackson, "object[s] to his motion to travel." (ECF No. 105, PageID.513.) Officer Jackson—in objecting to a nearly identical motion filed in a different criminal case in this district involving Defendant (*see* Case No. 18-cr-20641-8; ECF No. 367)[2]—indicated to the government that Defendant "was set to be placed into outpatient testing and treatment, which will require him to be available *in-district* for at least the first six months of supervision; thereafter though, the Probation Department . . . would be 'open to reassess this matter.'" (*Id.* (emphasis in original).) During subsequent communications between the government and Officer Jackson regarding the motion filed in this case, Officer Jackson advised that

---

[2] The nearly identical motion filed in a different criminal case by Defendant was denied by Judge Terrence G. Berg on February 26, 2025. (Case No. 18-cr-20641-8; ECF No. 369.)

4

> "[Defendant] is in marginal compliance. He is still in outpatient treatment and testing, he reported that he started working January 31, 2025 and I am still waiting for employment verification, no restitution or special assessment payments have been made at this time,[3] and his financial investigation is still pending," and also that "[Defendant] is also aware that he has the ability to travel if he provides a two week notice to the probation office."

(*Id.*)

Probation Officer David Smith in the Eastern District of Michigan provided additional information to the Court regarding Defendant's supervision. Officer Jackson apparently told Officer Smith that Defendant "is currently enrolled in substance abuse treatment with random drug testing" and that he "reportedly failed to appear for testing on 3/18/25 and 3/24/25."

Officer Smith recommends that Defendant's motion for unrestricted travel be denied. Officer Smith indicates that "[i]f there is a legitimate need for travel, and [Defendant] is following the conditions

---

[3] In the other criminal case involving Defendant that is referenced above, Judge Berg ordered Defendant to pay a $200 special assessment due immediately and a restitution amount of $404,386.70. (Case No. 18-cr-20641-8; ECF No. 327, PageID.2679–2680.) Probation Officer David Smith in the Eastern District of Michigan informed the Court in a document dated April 2, 2025 that Defendant owes $403,525.93 in restitution on that case and that Defendant "has not made any payments . . . since release."

of Supervised Release, [he] can ask for travel permission of the assigned probation officer." Officer Smith also indicates that "[t]ravel permission is a routine request for a probation officer."

The government notes that as of March 31, 2025—the date of its response—"the Probation Department has yet to deny any of [Defendant's] hypothetical travel requests." (*Id.* at PageID.514.) The government asserts that Defendant is "seeking the removal of [a standard] condition [of supervision] entirely, in advance of any such potential denial." (*Id.*) The government argues that "[t]here is simply no need for such a significant, preemptive release from one of the Court's stated conditions." (*Id.*) Moreover, the government asserts that "[i]f there end[s] up being (1) a legitimate need for travel, that (2) the Probation Department ends up denying out of hand, the defendant remains free to seek redress with the Court in the future." (*Id.*)

Defendant provides no factual or legal basis for the Court to grant the relief he seeks. Based on the information before it, the Court finds that the requested modification of a standard condition of supervision is not warranted at this time. In light of the information provided by the Probation Department and the government presented above—including

6

the position of two probation officers on the motion, Officer Jackson's willingness "to reassess this matter," Defendant's compliance with supervision, and Defendant's ability to seek redress with this Court if a travel request is denied by his probation officer—Defendant's motion (ECF No. 102) is denied without prejudice.

### III. Defendant's Motion for an Order to Release Property Seized by Federal Agencies (ECF No. 103)

In his second motion, Defendant requests an order to release property seized by federal agencies. (ECF No. 103.) Defendant identifies the following items that "were seized" during the government's investigation leading to his conviction and that were "not returned to the Defendant":

| Agency | Item | Date |
| --- | --- | --- |
| 1. F.B.I. (SDNY) | U.S. Passport | May 17, 2018 |
| 2. U.S. Probation (SDNY) | U.S. Passport Card | June 2018 |
| 3. F.B.I. (SDNY) | Apple MacBook Pro | May 17, 2018 |
| 4. F.B.I. (SDNY) | Apple MacBook Air | May 17, 2018 |
| 5. F.B.I. (SDNY) | 3 Apple iPads | May 17, 2018 |
| 6. F.B.I. (SDNY) | 4 Apple iPhones | May 17, 2018 |

(*Id.* at PageID.507.)

7

Defendant states that these items "were all paid for from [his] salary while working for Apple Inc. The items were used for work purposes and are needed by the Defendant as he seeks employment in the I.T. sector." (*Id.* at PageID.508.) He states that he "has a total of $91 to his name and cannot afford to replace the electronic items seized." (*Id.*) In addition, Defendant states that the two U.S. Passport identifications "will satisfy the two Government identification requirement to obtain state identification in California" upon his release from prison. (*Id.*)

Officer Smith in the Eastern District of Michigan indicates that "the probation office has no issue with the noted property being returned to [Defendant]. The Government is typically in possession of any seized property and typically arranges for return of the seized property according to government procedures."

In its response, the government discusses its efforts to resolve Defendant's request for the release of his property. (ECF No. 105, PageID.515–516.) The attorney for the government and the case agent contacted Defendant's prior counsel, Officer Jackson in the Central District of California, and called Defendant's cell phone number in an

8

attempt to speak with Defendant to address this issue. (*Id.* at PageID.515.) The case agent left a voicemail on February 21, 2025, at the cell phone number for Defendant provided by Officer Jackson "but never received a return phone call." (*Id.*) The attorney for the government and the case agent "advised Probation Officer K. Jackson that [they] were trying to return Defendant Jackson's property to him and asked her to have him call the case agent; in that exchange, Probation Officer K. Jackson re-confirmed that Defendant Jackson's number had not changed." (*Id.*) As of the date of the government's response, Defendant "ha[d] yet to return the case agent's [February 21, 2025] phone call [and voicemail] or contact him (or undersigned counsel) via any other means." (*Id.* at PageID.516.)

The government has tried to return Defendant's property but has apparently been unable to do because of Defendant's failure to contact the case agent. (*See id.* at PageID.515–516.) Given that the government is already attempting to return the property at issue, an order releasing Defendant's property is unnecessary. Therefore, Defendant's motion for an order to release his property (ECF No. 103) is denied without prejudice.

9

## IV. Conclusion

For the reasons set forth above, Defendant's motion requesting a supervised release provision for travel (ECF No. 102) and his motion for an order to release property seized by federal agencies (ECF No. 103) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 13, 2025　　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 13, 2025.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager