UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

            Plaintiff,      Case No. 18-cr-20462-1

v.                              Judith E. Levy
                              United States District Judge

Tayan Jackson,

                              Mag. Judge Anthony P. Patti

           Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S RENEWED MOTION FOR THE RETURN OF PROPERTY [108]

Before the Court is *pro se* Defendant Tayan Jackson's renewed motion for the return of property. (ECF No. 108.) The motion is dated July 11, 2025 (*id.* at PageID.533), and it was filed on the docket on July 16, 2025. The government responded to the motion on August 6, 2025. (ECF No. 111.) Defendant did not file a reply, and the time for him to do so has elapsed. For the reasons set forth below, the motion is denied without prejudice.

In his motion, Defendant "seeks the return of" an Apple MacBook Pro, an Apple MacBook Air, three Apple iPads, four Apple iPhones, a

United States passport, and a United States passport card. (ECF No. 108, PageID.531.) The government indicates in its response that the four iPhones—plus two additional cell phones—were shipped to Defendant via FedEx on July 23, 2025. (ECF No. 111, PageID.540–541.) According to the government, "[t]he package containing the cell phones was, in fact, delivered on Friday, July 25, 2025, at 11:24AM, and signed for by 'T. Jackson.'" (*Id.* at PageID.541.) With respect to the MacBook computers, the government indicates that the case agent has been communicating with Defendant about the return of those devices. (*Id.* at PageID.541–542.) As for the passport book and the passport card, the government states:

> The case agent reminded [Defendant] that those items remain in the custody of Pretrial Services in New York and that the case agent does not have the ability to return them. The case agent also inquired as to why [Defendant] would need international travel documents, given the case agent's understanding that [Defendant] was not allowed to travel internationally while on supervised release. [Defendant] responded that he was concerned his passport card was about to expire. The case agent suggested that [Defendant] could request a replacement at the end of his term of Supervision, and [Defendant] stated that was a good idea.

(*Id.* at PageID.542.) The government does not address the three iPads referenced in Defendant's motion.

2

Based on the government's submission discussing the ongoing efforts and communications regarding the return of Defendant's property, it appears to the Court that Defendant's motion is resolved. Defendant did not file a reply in which he demonstrates otherwise. The parties have not indicated to the Court whether the iPads have been returned to Defendant; however, the Court trusts that the parties are handling that issue as well. The Court again finds that an order releasing Defendant's property is unnecessary. (*See* ECF No. 107, PageID.528.) Defendant's motion is denied without prejudice so that, if necessary, any issues that remain unresolved may be brought to the Court's attention.

For the reasons set forth above, Defendant's renewed motion for the return of property (ECF No. 108) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: November 25, 2025         s/Judith E. Levy
    Ann Arbor, Michigan          JUDITH E. LEVY
                                 United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2025.

                                                        s/William Barkholz
                                                        WILLIAM BARKHOLZ
                                                        Case Manager